**BARCLAY DAMON**LLP

**Charles J. Nerko**
*Partner*

October 6, 2022

<u>Via Federal Express and Email</u>
Fiserv Solutions, Inc. a/k/a Fiserv Solutions, LLC and affiliates
255 Fiserv Drive
Brookfield, WI 53008
Attn:   Adam Rosman, Esq.
          Chief Administrative Officer & Chief Legal Officer

        Re:     <u>US Court House SDNY Federal Credit Union</u>

Dear Mr. Rosman:

We are litigation counsel US Court House SDNY Federal Credit Union (the "SDNY Court FCU") in connection with its claims against Fiserv Solutions, Inc. a/k/a Fiserv Solutions, LLC ("Fiserv Solutions") and its affiliates, including Fiserv, Inc. (collectively, "Fiserv").

Fiserv Solutions has materially breached the Master Agreement with SDNY Court FCU and violated N.Y. General Obligations Law § 5-903 regarding requirements for automatic renewals of the Master Agreement. Moreover, Fiserv has materially breached the Fiserv Privacy Notice.

While our client's investigation is ongoing, SDNY Court FCU's claims include the following:

1.  Fiserv Solutions breached Section 4(a) of the Master Agreement, which required Fiserv Solutions to implement and maintain an information security program that, among other things, protected the security and confidentiality of SDNY Court FCU's member information. Among other things, Fiserv Solutions placed SDNY Court FCU's member information—including financial information pertaining to federal judges and other Court personnel—on the insecure Virtual Branch website without proper authentication and security controls.

2.  Fiserv Solutions breached Section 6(a) of the Master Agreement, under which Fiserv Solutions warranted that "it will comply with all regulatory requirements applicable to Fiserv's operations used in the performance of its obligations under this Agreement." Fiserv did not comply with all such requirements.

3.  Fiserv Solutions breached the service warranties in Section 4(e) of the ASP Services Exhibit to the Master Agreement, including the warranties of conformity to specifications, accuracy, due care, and legal compliance.

October 6, 2022
Page 2

4. Fiserv Solutions violated N.Y. General Obligations Law § 5-903 by purporting to effectuate an automatic renewal of the Master Agreement without providing the required personal or certified mail notice to SDNY Court FCU beforehand.

5. Fiserv violated Section 6 of the Fiserv Privacy Notice by failing to implement appropriate security measures to prevent unauthorized access, use, and disclosure of personal data.

6. Fiserv improperly withheld and sought unconscionably punitive fees for copies of SDNY Court FCU records despite Section 3 of the Master Agreement, which provides that such records constitute "Client Information"; and the Federal Credit Union Act (12 U.S.C. §§ 1757(4), 1766), which requires that "[a]ll books and records of Federal credit unions shall be kept."

7. Fiserv violated the implied covenant of good faith and fair dealing by, among other things, failing to provide necessary and commercially reasonable security or access to SDNY Court FCU's member information.

Fiserv's acts and omissions constitute material breaches of its obligations that are incapable of a cure. Moreover, N.Y. General Obligations Law § 5-903 renders the Master Agreement unenforceable by Fiserv Solutions. Thus, SDNY Court FCU regards the Master Agreement as no longer in effect.

In light of the foregoing, SDNY Court FCU demands that Fiserv immediately:

a. return SDNY Court FCU's member information in a reasonably usable form;

b. refrain from possessing, storing on internet-accessible systems, storing without encryption, or otherwise failing to safeguard from unauthorized third-party access the SDNY Court FCU's member information;

c. in accordance with 12 C.F.R. Part 748, Appendix A, provide audits, summaries of test results, and other equivalent evaluations of Fiserv's security, including all records required to be produced under the Master Agreement as well as those that identify the specific SDNY Court FCU members whose information was placed at risk of compromise;

d. fully cooperate with SDNY Court FCU to protect the credit union's and its members' legal rights;

e. fully compensate SDNY Court FCU, including its attorneys' fees and costs.

**If Fiserv does not comply with these demands by October 10, 2022, SDNY Court FCU will seek a temporary restraining order and preliminary injunction at the U.S. District Court for the Southern District of New York without further notice to Fiserv to prevent irreparable**

October 6, 2022
Page 3


**harm to the credit union and its members.** We request Fiserv notify us before ceasing SDNY Court FCU's services so that the credit union may make an orderly transition of member services pursuant to the credit union's disaster recovery plan.

## Preservation Notice

Circumstances have arisen that may foreseeably give rise to legal claims being asserted against Fiserv. As a result, Fiserv must preserve all documents, things, and electronically stored information that may be potentially relevant. In addition, Fiserv must take reasonable steps to preserve all documents, things, and electronically stored information that are not in Fiserv's possession or custody, but are in Fiserv's control, such as materials in the possession of its affiliates and subcontractors.

When preserving materials, please take all necessary steps to ensure that the materials are preserved intact and without modification. For example, you should: (a) suspend your data destruction and backup tape recycling policies; (b) retain software, hardware, information, or other things required to access or view the materials (e.g., identification codes, passwords, access codes, decryption applications, decompression software, reconstruction software, manuals, and user instructions); and (c) take special action to preserve archived or deleted ESI, ESI stored in databases, computer or network logs, and metadata (e.g., a file's creation date, access date, and author). If the steps necessary to preserve the materials are unreasonable or overly burdensome, please take any immediate steps necessary to preserve them and promptly contact us to evaluate options for mitigating the claimed burden.

If any of the identified materials are in another individual or entity's possession, custody, or control, we request that you secure the preservation of such materials, or alternatively, contact us to discuss how we may work together to secure the other individual or entity's cooperation.

By sending you this notice, SDNY Court FCU is not currently taking any position as to whether the materials we request you preserve or furnish would be deemed in SDNY Court FCU's possession, custody, or control. SDNY Court FCU requests you cooperate by preserving and furnishing the requested materials, even if they are not in SDNY Court FCU's possession, custody, or control.

Because your duty to preserve potentially relevant materials arises under applicable law and not this letter, your duties are not in any way limited by this letter. If you fail to preserve materials as required by law, you may be subject to sanctions for spoliation of evidence. Our client will rely on this letter in Court as notice of your preservation obligations.

## Reservation of Rights

This notice and any action taken in connection therewith is without prejudice to any of SDNY Court FCU's or other affected party's rights, powers, privileges, remedies, and defenses, now existing or hereafter arising, all of which are hereby expressly reserved. Without limitation, SDNY

October 6, 2022
Page 4

Court FCU reserves the right to amend, update, supplement, modify, increase, withdraw, or otherwise change its claims and to declare any agreement terminated, void, or rescinded. By providing this notice or taking any action in connection therewith, our client is not (a) in any manner whatsoever waiving or relinquishing any rights it may have, including, without limitation, any right to terminate, void, or rescind the Master Agreement or have it deemed previously terminated, void, unenforceable, rescinded, or subject to defenses; (b) electing any remedy which waives or otherwise affects any other remedy; (c) acknowledging or admitting any fact, legal conclusion, or liability; (d) limiting its claims to the stated amounts or theories; or (e) estopped or prevented from taking any other action or position.

SDNY Court FCU's failure to require strict performance by Fiserv or to exercise any rights, powers, privileges, remedies, and defenses will not be deemed a waiver of any of them. Further, no representative of SDNY Court FCU has authority to waive them or to amend or supplement any agreement with Fiserv; to be effective, any such waiver, amendment, or supplement must be (a) in a writing clearly stating SDNY Court FCU's intent to grant a waiver, amendment, or supplement; (b) signed nonelectronically by SDNY Court FCU's Chief Executive Officer; (c) if requested by Fiserv, be in a writing presented to us as SDNY Court FCU's outside counsel.

Without waiver of its other rights, SDNY Court FCU provides notice it will not be renewing any agreement with Fiserv. Until the parties' dispute is finally resolved by a non-appealable final judgment or binding settlement, any payments made or to be made by SDNY Court FCU to Fiserv are to be deemed subject to dispute and paid under protest, without prejudice, with full reservation of SDNY Court FCU's rights, including the right to demand the return of any amounts, with interest, not justly owed.

SDNY Court FCU may elect to exercise any or all of its rights, powers, privileges, and remedies at its sole option, at any time hereafter, without the necessity of any further notice, demand, or other action on the part of SDNY Court FCU.

\* \* \* \* \*

While we are authorized to take all appropriate actions to zealously protect SDNY Court FCU's interests, we hope that this matter can be amicably resolved. Please direct further communications to me and my colleagues Kevin Szczepanski and Ben Wilkinson at cnerko@barclaydamon.com, kszczepanski@barclaydamon.com, and bwilkinson@barclaydamon.com.

We look forward to your prompt response on these significant issues.

Very truly yours,

*/s/ Charles J. Nerko*

Charles J. Nerko