

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE AVENUE
NEW YORK, NY 10016
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3417
asekel@foley.com

CLIENT/MATTER NUMBER
012474-2481

October 14, 2022

**<u>Via E-Mail</u>**

Charles J. Nerko
Barclay Damon
1270 Avenue of the Americas
New York, NY  10020

        Re:    US Court House SDNY Federal Credit Union

Dear Mr. Nerko,

        We are in receipt of your October 12, 2022 correspondence with respect to SDNY FCU, and are disappointed in your continued refusal to engage productively on what are essentially business and technical issues.  We disagree that your threatening correspondence represents a "good faith" effort to resolve this dispute or satisfies SDNY FCU's obligations under Section 9 of the Master Agreement.  We remain convinced that a discussion among business personnel is the most prudent means of addressing the issues and the one that will avoid creating additional issues or unnecessary disruptions in service to SDNY FCU and its members.[1]  Our letter simply requested that the parties' representatives confer about timing and the format in which SDNY FCU's data might be provided.  Your letter provides none of that information and declines to designate a representative, which is unfortunate and unproductive.

        Given this lack of engagement, we have interpreted SDNY FCU's demands, as follows:

- Although SDNY FCU continues to use Fiserv's services and systems to process its transactions, it wants to cease using such services as soon as possible.

- SDNY FCU will not request any deconversion services from Fiserv in connection with its transition.  As a result, Fiserv will not provide any such services.  Be advised that Fiserv will not accept, and hereby disclaims, any responsibility or

---

[1] We understand that SDNY FCU may not currently have any active employees or board members, and that may be why you have declined a business discussion.  If that is the case, please confirm and explain the basis for your authority to make demands and file litigation on behalf of SDNY FCU.  We note that the June 6, 2022, request to terminate the Master Agreement was sent, not by SDNY FCU, but by The Finest Credit Union, which we understand to be SDNY FCU's intended merger partner.  Our inquiries suggest that the merger has not been consummated and that SDNY FCU remains an independent credit union.  As such, The Finest Credit Union has no rights under the Master Agreement.

AUSTIN
BOSTON
CHICAGO
DALLAS
DENVER

DETROIT
HOUSTON
JACKSONVILLE
LOS ANGELES
MADISON

MEXICO CITY
MIAMI
MILWAUKEE
NEW YORK
ORLANDO

SACRAMENTO
SALT LAKE CITY
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY

TALLAHASSEE
TAMPA
WASHINGTON, D.C.
BRUSSELS
TOKYO



**FOLEY & LARDNER LLP**

Charles J. Nerko
October 14, 2022
Page 2

liability of any kind arising from any interruption of service or other issues that arise as a result of SDNY FCU's decision to proceed with a "disaster recovery plan," rather than coordinate with Fiserv.

- SDNY FCU demands that its Client Files be provided by Fiserv as soon as possible. SDNY FCU has not requested or specified any particular format for such Client Files. Notwithstanding the fact that Section 8(e) of the ASP Services Exhibit to the Master Agreement requires that SDNY FCU pay Fiserv "its standard rates for the services necessary to return such Client Files" (as well outstanding fees for account processing through the termination date and early termination fees), SDNY FCU refuses to make such payments and demands that Fiserv provide the Client Files without payment from SDNY FCU.

At bottom, SDNY FCU simply demands that it not be required to comply with any of its contractual obligations under the Master Agreement, and the threatened injunctive relief would be one that alters (not preserves) the status quo, mandates affirmative relief, and fundamentally modifies the parties' obligations under the Master Agreement. Putting aside the fact that Fiserv has not breached the Master Agreement in any way, there is no basis for such an extraordinary "injunction." The purpose of injunctive relief is not to permit one party to renegotiate its agreements. We further note that there is no apparent exigency here whatsoever. Fiserv provided the deconversion estimate nearly two months ago. SDNY FCU provided no response until its recent correspondence, which insists on action in commercially unreasonable and unnecessarily short periods of time (one or two business days). Fiserv is aware of nothing that has occurred since August, and your letter points to none, giving rise to any exigency or supposed threat of irreparable harm.

As with all of its clients, Fiserv is of course sensitive to SDNY FCU's interest in information security. That said, there has been no breach of Fiserv's obligations as to information security (or otherwise) under the Master Agreement. My October 10, 2022 letter invited you to detail the basis for your claim of breach. Other than a reference to "other litigation," which involved events in *2018*, your letter offers nothing in support of SDNY FCU's unfounded and unspecified allegations. Fiserv's SEC disclosures acknowledging that there are hackers in the world does not suggest, much less admit, an information security issue as to Virtual Branch, or any other Fiserv product or service. Simply put, there are no exigent circumstances, threats of irreparable injury, or bases for injunctive relief here either.

Notwithstanding SDNY FCU's unnecessary and unfortunate tactics, Fiserv is prepared, as its initial response made clear, to facilitate SDNY FCU's transition in a commercially reasonable time; it has no interest in prolonging an unnecessary "dispute." To that end, Fiserv will:



**FOLEY & LARDNER LLP**

Charles J. Nerko
October 14, 2022
Page 3

- Provide SDNY FCU with Client Files in comma delimited, CSV format not later than October 24, 2022 (and Fiserv will endeavor to provide it sooner).

- Cease providing account processing services of any kind to SDNY FCU as of 5:00 p.m. Eastern time on October 28, 2022 (unless SDNY FCU instructs that processing services should terminate sooner).

- Pursuant to Section 8(e) of the ASP Services Exhibit to the Master Agreement, destroy all remaining Client Files on October 28, 2022.  Note that the Master Agreement requires that Fiserv wait 30 days to destroy such copies, and SDNY FCU will need to expressly authorize (in writing) destruction before that time given that provision and its preservation notice.

These actions will address SDNY FCU's professed concerns fully and obviate any asserted need for injunctive relief (for which there would be no basis in any event).  Please confirm that you agree, and that SDNY FCU authorizes these actions.

Be advised that Fiserv is not waiving and reserves all rights under the Master Agreement.  Specifically, Fiserv will invoice SDNY FCU for all Services required to furnish the Client Files, all account processing services provided through the date such services cease, and early termination fees calculated in accordance with the Master Agreement.  To the extent that SDNY FCU believes that a dispute exists with respect to any of these amounts or, as your letter suggests, that it somehow has other "damages," Fiserv expects that SDNY FCU will comply fully with Section 9 of the Master Agreement.

Fiserv remains prepared to participate in a call between business representatives and continues to believe that presents the most productive course of action.  Please let us know if SDNY FCU will agree to this approach.  In any event, Fiserv requests that a meet and confer between counsel occur before SDNY FCU files suit or any motion for injunctive or other relief,

Very truly yours,

*Anne B. Sekel*

Anne B. Sekel


cc:    Andrew J. Wronski (*by e-mail only*)
       David E. Frank (*by e-mail only*), Fiserv Vice President, Associate General Counsel