# BARCLAY DAMON LLP

**Charles J. Nerko**
*Partner*

October 18, 2022

<u>Via Email</u>
Anne B. Sekel, Esq.
Foley & Lardner LLP
90 Park Avenue
New York, New York 10016

   Re: <u>US Court House SDNY Federal Credit Union
      and The Finest Federal Credit Union</u>

Dear Anne:

Thank you for the October 14 letter. Our clients, US Court House SDNY Federal Credit Union ("SDNY Court FCU") and The Finest Federal Credit Union ("Finest FCU"), remain open to discussing a reasonable compromise. Fiserv must appreciate, however, that SDNY Court FCU is responding to a security issue that places in jeopardy the extraordinarily sensitive personal information of federal judges, U.S. attorneys, U.S. marshals, other federal law enforcement agents, and Court personnel who bank at SDNY Court FCU. At the outset, any resolution must ensure those individuals are properly protected. Without that, any such discussions will not be productive.

In the interest of reaching a compromise, we will note our disagreement with the mischaracterizations in your letter and not endeavor to address each one. For example, Fiserv's SEC disclosures does not blithely state "there are hackers in the world." Rather, Fiserv chose to specifically disclose hacking risks particular to Fiserv. This followed Fiserv's acknowledgement in past litigation over its Virtual Branch system that Fiserv failed to implement rate limiting security controls to protect against hackers from taking over Virtual Branch accounts. Since SDNY Court FCU was a Fiserv Solutions customer during this time Fiserv omitted this security control, that problem jeopardized SDNY Court FCU's members as well.

More troubling, even though Fiserv has been on notice of other security problems with Virtual Branch since at least 2018, Virtual Branch security remains deficient to this day. For example, to take over a SDNY Court FCU account, the only information Virtual Branch asks for authentication is an account number, a social security number, and a house number—nothing more. *See* https://www.financial-net.com/fcucourthouse/enrollment/OlbCmdSit249?language=EN.

Under federal regulatory guidance, the Virtual Branch single-factor authentication process is woefully inadequate, particularly for the federal judges, law enforcement agents, and other members of SDNY Court FCU who are at extraordinarily high risk of hacking and other criminal threats due to their government positions. *See* FFIEC, "Authentication and Access to Financial

October 18, 2022
Page 2

Institution Services and Systems" at 6-7, https://www.fdic.gov/news/financial-institution-letters/2021/fil21055a.pdf ("***Attacks against systems and users protected with single-factor authentication often lead to unauthorized access resulting in data theft*** or destruction, adverse impacts from ransomware, customer account fraud, and identity theft. ***Accordingly, use of single-factor authentication as the only control mechanism has shown to be inadequate*** against these threats. ***Furthermore, single-factor authentication with layered security has shown to be inadequate*** for customers engaged in high-risk transactions and ***for high-risk users***." (emphasis added)).

Given the harm that may befall SDNY Court FCU's members, there are two principal reasons that Fiserv's settlement proposal falls short.

*First*, Fiserv's proposal does not address the regulatory need for SDNY Court FCU to obtain security audit records from Fiserv to ensure its members are adequately protected against data breaches. Various provisions of the Master Agreement, as well as 12 C.F.R. Part 748, Appendix A, require Fiserv Solutions to produce these records. *See* 12 C.F.R. Part 748, Appendix A, at D.3 ("Where indicated by the credit union's risk assessment, [a credit union should] monitor its service providers to confirm that they have satisfied their obligations as required by paragraph D.2 [i.e., security of member information]. As part of this monitoring, a credit union should review audits, summaries of test results, or other equivalent evaluations of its service providers.").

Indeed, guidance from the National Credit Union Administration requires a third-party vendor such as Fiserv to provide reports to the credit union; otherwise, the credit union will be deemed to have engaged in unsafe and unsound practices. *See* Nat'l Credit Union Administration Letter to Credit Unions No. 01-CU-20, Due Diligence Over Third Party Service Providers ("Once a third-party arrangement is entered into, it is important for a credit union to establish controls to ensure the relationship is meeting its expectations and the third party is meeting its responsibilities. As part of these controls, a credit union should adopt monitoring and reporting practices. Failing to do so constitutes an unsafe and unsound practice…. Reports should be submitted to the credit union's senior officials and the credit union's directors to keep them abreast of significant findings, especially areas of noncompliance. The officials should be informed when targets are met or exceeded, or limits breached. Reports should also consist of appropriate information so that the officials can make informed decisions and take timely corrective action."). SDNY Court FCU must reject any proposal from Fiserv that the federal government would deem to be unsafe or unsound.

*Second*, Fiserv cannot disclaim liability for harming SDNY Court FCU by causing it to implement its disaster recovery arrangements. Nor is there basis for Fiserv to seek fees under these circumstances. SDNY Court FCU's termination of Fiserv Solutions and resort to its disaster recovery plan is the direct result of Fiserv Solutions' breaches of its confidentiality and audit obligations under the Master Agreement, as well Fiserv Solutions' failure to provide the statutorily required certified-mail notice to SDNY Court FCU so that it has sufficient time to find suitable alternative arrangements before having the Master Agreement ostensibly auto-renew. Fiserv's

October 18, 2022
Page 3

violation of its contractual and statutory obligations placed SDNY Court FCU in this unfortunate position, and SDNY Court FCU will fully hold Fiserv accountable for all resulting damages.

These problems have also impacted The Finest FCU, which is actively investigating claims for tortious interference with the SDNY Court FCU merger, as well as antitrust violations by Fiserv.

In light of the above, and as a compromise before either party incurs litigation costs, our clients have authorized us to propose a settlement of this matter that would involve the following:

1. A disclosure of any data breach or security vulnerability know by Fiserv, after a reasonable investigation, that did impact SDNY Court FCU's member information, accounts or any system with custody of SDNY Court FCU's member information, and associated remediation efforts.

2. Return of SDNY Court FCU's records in a reasonably usable form that preserves the integrity of all information, and removal of such information from the internet or other Fiserv systems. We are willing to work with Fiserv to discuss the form and timing and to minimize disruption to members, but our first priority must be on preventing any further risks of compromise to SDNY Court FCU's members. Toward that end, SDNY Court FCU demands that Fiserv immediately disable new account enrollments for Virtual Branch.

3. SDNY Court FCU and The Finest FCU will have the right to terminate any vendor agreement for convenience without charge or deconversion fees on 30 days' notice should any of their vendors subsequently merge or become affiliated with Fiserv.

4. An indemnity for items 1 and 2 by Fiserv.

5. Appropriate compensation to SDNY Court FCU and The Finest FCU.

6. While the parties attempt to resolve the dispute under the outline set forth above, all parties agree to a tolling of claims under the terms of the accompanying Tolling Agreement.

We believe that this is more than fair under the circumstances. Please let us know if Fiserv is prepared to follow through with the above, and we will promptly schedule a discussion. For this purpose, we understand from your cover email that Frank Bisignano, Fiserv's CEO, declined Keith Stone, The Finest FCU CEO's request for a conversation between our clients' respective CEOs. Any further communications must now occur through counsel.

We hope that Fiserv will do the right things to protect SDNY Court FCU's members, and avoid needless litigation costs by driving those funds instead toward a mutually agreeable settlement. This proposal is provided for discussion purposes only and may be withdrawn at any time. SDNY Court FCU and The Finest FCU do not intend to be bound to any settlement until the parties

October 18, 2022
Page 4

negotiate and sign a final, integrated, and definitive settlement agreement setting forth all material terms.

We request that you respond to this proposal and execute the Tolling Agreement by noon on October 20. Our clients and other affected parties reserve all rights in this matter.

    Very truly yours,

    */s/ Charles J. Nerko*

    Charles J. Nerko